## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | |
|---|---|
| KATHRYN N. McVICKER, JUDY M. WILHOIT, )<br>BRANDY L. McKUSKER and KRISTINA E. )<br>MOFFITT, on behalf of themselves and all others )<br>similarly situated, )<br><br>        Plaintiffs, )<br><br>v. )<br><br>RECREATIONAL RESORTS, LTD., )<br>d/b/a Wilderness Presidential Resort )<br>at Chancellorsville, a Virginia corporation, )<br><br>        Defendant. )  | Case No.  3:10CV_____<br><br>**JURY TRIAL DEMANDED** |

### COLLECTIVE ACTION COMPLAINT

Plaintiffs Kathryn N. McVicker, Judy M. Wilhoit, Brandy L. McKusker and Kristina E. Moffitt, through their attorneys, make the following allegations on behalf of themselves and all others similarly situated:

### Preliminary Statement

1.     This proceeding is a Collective Action for declaratory relief, injunctive relief and to recover unpaid overtime and minimum wage compensation and liquidated damages under the Fair Labor Standards Act, *as amended*, 29 U.S.C. §201 *et. seq.* ("FLSA" or "the Act") for Plaintiffs and others similarly situated.

### Parties

2.     Defendant Recreational Resorts, LTD. ("RRL") is a Virginia corporation with its corporate headquarters located in Charlottesville, Virginia and sales operations in Spotsylvania County, Virginia.   RRL conducts business in the Western District of

Virginia. Among other things, RRL is in the business of fractional vacation property sales, more colloquially known as "Time Share Sales" at Wilderness Presidential Resort at Chancellorsville located outside of Fredericksburg, Virginia. On information and belief, RRL derives a significant majority of its income from Time Share sales.

3. RRL is an "enterprise" which is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1). The annual gross business income of RRL exceeds $500,000. RRL is an "employer" within the meaning of the FLSA.

4. Each of the plaintiffs is a former employee of RRL and, while employed by RRL, was employed under policies and practices as to the payment of compensation which were common to all employees.

5. Plaintiff Kristina E. Moffitt is a citizen and resident of Elkton, Rockingham County, Virginia and a former employee of RRL within the meaning of 29 U.S.C. § 203(e)(1).

6. Plaintiff Kathryn N. McVicker is a citizen and resident of Fredericksburg, Spotsylvania County, Virginia and a former employee of RRL within the meaning of U.S.C. § 203(e)(1).

7. Plaintiff Judy M. Wilhoit is a citizen and resident of Spotsylvania County, Virginia and a former employee of RRL within the meaning of 29 U.S.C. § 203(e)(1).

8. Plaintiff Brandy L. McKusker is a citizen and resident of Locust Grove, Orange County, Virginia and a former employee of RRL within the meaning of 29 U.S.C. § 203(e)(1).

9. Each of the plaintiffs was, during her employment with RRL, engaged in commerce as an employee of RRL within the meaning of 29 U.S.C. §§ 206 and 207.

10.     Plaintiffs file this statutorily authorized collective action as Representative Plaintiffs.  Plaintiffs consent to become party plaintiffs in this collective action under 29 U.S.C. § 216(b), as evidenced by the executed "Plaintiff Consent" forms attached hereto as Exhibits 1-4 and which are hereby filed with the Court.

11.     The plaintiffs are representative of other similarly situated current and former timeshare sales employees of RRL.

12.     Each reference to Claimants herein refers to (1) plaintiffs, (2) all similarly situated current employees of RRL and (3) all similarly situated former employees of RRL who were employed by RRL during the three years, or more, immediately preceding the date of the filing of this Complaint.

## Jurisdiction and Venue

13.     This Court has jurisdiction over the claims in this action pursuant to the FLSA, 29 U.S.C. § 201, *et seq.* and 28 U.S.C. §1331.

14.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(1) in that the defendant RRL resides in this District and Division.

## Representative Action Allegations

15.     Plaintiffs and all other similarly situated current and former employees of RRL are or were employed as Timeshare salespersons during the time period relevant to this lawsuit.

16.     Plaintiffs and all other similarly situated current and former employees of RRL, primary work responsibility is/was selling fractional ownership of timeshare units to customers.

17. These employees have performed functions which entitle them to payment of overtime compensation and minimum wages that they have not received.

18. On information and belief, during all times relevant to this action defendant RRL compensated Plaintiffs, and those similarly situated, on a uniform compensation model common to Plaintiffs and other persons performing similar job functions.

19. On information and belief, all RRL operations are centrally managed as a single enterprise, and all RRL employees performing functions similar to Plaintiffs were subject to common, uniform payroll and time-keeping practices.

20. The plaintiffs assert that RRL's willful disregard of the minimum wage and overtime laws entitles the plaintiffs and similarly situated employees to the application of the three year limitation period and, in addition, equitable tolling of the otherwise applicable statute of limitations.

21. Because the records required to fully compute the Claimants damages resulting from the foregoing acts and omissions are or should be in the possession of RRL, and are required to be maintained under the laws of the United States and the Commonwealth of Virginia, the plaintiffs are unable to determine the exact amount of their damages claimed herein as of the filing of this action. In fact, the plaintiffs are informed and believe that RRL has failed in the past to maintain contemporaneous and accurate time records for plaintiffs and other similarly situated employees as required by the FLSA.

22. RRL has willfully violated the FLSA by failing to keep accurate time records of all hours worked by plaintiffs and other similarly situated employees.

4

23.     RRL has not acted in good faith with respect to its failure to pay minimum wages and overtime compensation.  RRL had no reason to believe its actions and omissions complied with the FLSA, thus entitling the plaintiffs and all similarly situated employees to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation and minimum wages awarded.

<u>COUNT ONE</u>

<u>VIOLATION OF OVERTIME PAY REQUIREMENTS OF 29 U.S.C. § 207</u>

24.     The contents of paragraphs 1-23 are incorporated here as if restated in full.

25.     During their employment at RRL, each of the Claimants is or was subject to the overtime pay provisions of 29 U.S.C. § 207.

26.     During their employment at RRL, each of the Claimants regularly and routinely works or worked in excess of forty hours per work week and, during each such work week, was entitled to overtime pay at the rate of one and one-half times her regular rate of pay under 29 U.S.C. § 207.

27.     RRL failed to make payment of overtime pay to each of the Claimants in violation of 29 U.S.C. § 207.

28.     RRL's violation of overtime pay requirements of 29 U.S.C. § 207 was willful.  Therefore, under 29 U.S.C. § 255(a) each of the plaintiffs may recover unpaid overtime pay accrued during the three year period (or more) immediately preceding the date of the filing of this action, and each of the other Claimants may recover unpaid overtime pay accrued during the three year period immediately preceding the date on which each such Claimant files with the Court his or her consent to become a party to this action.

29.     Each of the Claimants is entitled to an award of unpaid overtime pay under 29 U.S.C. § 207.

30.     Because of RRL's violation of the overtime pay provisions of 29 U.S.C. § 207, each of the Claimants is entitled to an award of an additional amount equal to the unpaid overtime pay as liquidated damages pursuant to 29 U.S.C. § 216(b).

31.     Each of the Claimants is also entitled to an award of his or her reasonable attorneys' fees and costs associated with this action pursuant to 29 U.S.C. § 216(b).

COUNT TWO:
VIOLATION OF FEDERAL MINIMUM WAGE
REQUIREMENTS OF 29 U.S.C. § 206

32.     The contents of paragraphs 1- 31 are incorporated as if fully restated here.

33.     During his or her employment with RRL, each of the Claimants is or was subject to the federal minimum wage requirements of 29 U.S.C. § 206 and entitled to payment of the minimum hourly wage required thereunder.

34.     During certain work weeks, each of the Claimants is or was forced to repay certain amounts, or to suffer a reduction in his or her pay in order to repay, amounts purportedly due and owing to RRL. On many occasions, this resulted in Claimants receiving no pay at all for a work week.

35.     In addition, during certain work weeks, each of the Claimants received no pay, or reduced pay, because of the variations in the amount of sales attributable to their work for RRL and/or other bases concocted by RRL. On many occasions, this resulted in Claimants receiving no pay at all for a work week.

36.     As a result of the foregoing acts and omissions, RRL failed to pay Claimants the minimum wage required by 29 U.S.C. § 206.

6

37.     RRL's violation of the minimum wage requirements of 29 U.S.C. § 206 was willful.  Therefore, under 29 U.S.C. § 255(a), the Claimants may recover unpaid minimum wages accrued during the three year (or more) period immediately preceding the date of filing of this action, and each of the other Claimants may recover unpaid minimum wages accrued during the three year period immediately preceding the date on which each such Claimant files with the Court her consent to become a party to this action.

38.     Claimants are entitled to an award of unpaid minimum wages under 29 U.S.C. § 206.

39.     Because of RRL's violation of the minimum wage provisions of 29 U.S.C. § 206, Claimants are entitled to an award of an additional amount equal to the unpaid overtime pay, as liquidated damages pursuant to 29 U.S.C. § 216(b).

40.     Each of the Claimants is also entitled to an award of his or her reasonable attorney's fees and costs associated with this action pursuant to 29 U.S.C. § 216(b).

## Prayer For Relief

WHEREFORE, the plaintiffs respectfully pray that this Court:

A.     Order RRL to disclose to the Court and the plaintiffs the name, position, job description and last known mailing address and telephone number for each current and former employee of RRL during the three years (or more) immediately preceding the date of filing of this Complaint who is similarly situated to the plaintiffs; and

B.     Approve notice to those employees and former employees similarly situated to the plaintiffs of the existence of this FLSA collective action, the claims set

forth herein and further provide notice of their right to opt in to this action pursuant to 29 U.S.C. §§ 207 and 216(b);

     C.     Designate this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. §216(b);

     D.     Enter judgment declaring that the acts and practices complained of herein are violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

     E.     Enter judgment awarding Plaintiffs and all similarly situated present and former employees of RRL, actual compensatory damages in the amount shown to be due for unpaid overtime compensation and unpaid minimum wages, with pre-judgment interest, against the Defendant;

     F.     Enter judgment that Defendant's violations of the FLSA were willful;

     G.     Enter judgment awarding Plaintiffs an amount equal to the overtime and minimum wage damages as liquidated damages;

     H.     Enter judgment for post-judgment interest at the applicable legal rate;

     I.     Enter judgment awarding Plaintiffs, and those similarly situated, reasonable attorney's fees and costs of this suit;

     J.     Grant leave to amend to add additional plaintiffs and/or representative plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; to add claims under applicable state and federal laws; and/or to add other plaintiffs who meet the definition of Plaintiffs' employer, pursuant to 29 U.S.C. § 203(d); and

8

K.     Enjoin Defendant from future violations of the FLSA through the mandated payment of overtime compensation and minimum wages to similarly situated employees for hours worked in excess of forty (40) per week; and

L.     Grant such other and further relief as this Court deems necessary and proper.

## FED. R. CIV. P. 38 REQUEST FOR TRIAL BY JURY

The plaintiffs, individually and as Opt-in Claimants, demand a trial by jury.

Respectfully submitted,

KATHRYN N. McVICKER, JUDY M. WILHOIT, BRANDY L. McKUSKER and KRISTINA E. MOFFITT, and Current and former similarly situated employees of Recreational Resorts, LTD.

By Counsel

/s/ Zev H. Antell
Harris D. Butler, III (VSB No. 26483)
Zev H. Antell (VSB No. 74634)
Butler Williams & Skilling, P.C.
100 Shockoe Slip, 4th Floor
Richmond, Virginia 23219
(804) 648-4848 (Telephone)
(804) 648-6814 (Facsimile)
hbutler@butlerwilliams.com
zantell@butlerwilliams.com

Timothy E. Cupp (VSB No. 23017)
Cupp & Cupp, P.C.
Post Office Box 589
Harrisonburg, VA 22803
(540) 432-9988 (Telephone)
(540) 432-9557 (Facsimile)
cupplaw@comcast.net
*Counsel for Plaintiffs*